| | |
|---|---|
| KASON INDUSTRIES, INC. | ) |
| | ) |
| | )    Civil Action No. 3:24-cv-00766-amb |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REFRIGERATED SOLUTIONS GROUP | ) |
| LLC; MASTER-BILT PRODUCTS, LLC; | ) |
| NOR-LAKE INCORPORATED | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO**
**SECOND AMENDED COMPLAINT**

Defendants Refrigerated Solutions Group LLC ("RSG"), Master-Bilt Products, LLC ("Master-Bilt"), and Nor-Lake Incorporated ("Nor-Lake") (collectively, RSG, Master-Bilt and Nor-Lake are "Defendants") hereby file their Answer and Affirmative Defenses to Second Amended Complaint filed by Plaintiff Kason Industries, Inc. ("Plaintiff" or "Kason"). Defendants deny all allegations not expressly admitted herein.

## I.    RELEVANT BACKGROUND

1.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

2.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

3.     Defendants admit that the commercial refrigeration and restaurant equipment hardware industry includes at least two types of customers: original equipment manufacturers ("OEMs") and replacement hardware distribution customers. Defendants otherwise deny any and all allegations and/or legal conclusions set forth in this paragraph.

4.     Defendants admit that OEMs may purchase and incorporate certain hardware, such as door latches or door hinges, into the final products that they manufacture, such as commercial walk-in refrigerators and other restaurant equipment purchased by end-user customers.  Defendants admit that they have been Kason's customers for many years, purchasing Kason parts for use in their commercial refrigeration equipment manufacturing business.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

5.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

6.     Defendants admit that replacement hardware distribution businesses sell hardware components, such as individual door latches and door hinges.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

7.     Defendants admit that they provide hardware components to the entity which operates the website www.partstown.com.  Defendants otherwise lack knowledge

or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

18. Denied.

19. Denied.

20. Defendants deny the allegation that "Defendants and other participants in this market recognize the value of the Kason brand, and the high quality of Kason's parts." Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

29.     Denied.

30.     Denied.

     a.  Denied.

     b.  Denied.

     c.  Denied.

     d.  Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

## II.     <u>PARTIES</u>

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

36.     Defendant RSG admits that it is a Delaware limited liability company and that the Delaware Secretary of State lists Cogency Global Inc., with an address of 850 New Burton Road, Suite 201, Dover, DE 19904 under "Registered Agent Information" for RSG. Except as expressly admitted, Defendants deny any and all allegations set forth in this paragraph.

37.     Defendant Nor-Lake admits that it is a Wisconsin corporation and that the Wisconsin Department of Financial Institutions lists Cogency Global Inc., with an address of 100 Wilburn Rd. Ste. 100, Sun Prairie, WI 53590, as the "Registered Agent Office" for Nor-Lake.   Nor-Lake further admits that it lists 727 2nd St, Hudson, WI 54016-1515, as Nor-Lake's "Principal Office" with the Wisconsin Department of Financial Institutions and 727 Second Street, Hudson, WI, 54016, as Nor-Lake's "Principal Office Address" with the Georgia Secretary of State.   Except as expressly admitted, Defendants deny any and all allegations set forth in this paragraph.

38.     Defendant Master-Bilt admits that it is a Delaware limited liability company and that the Delaware Secretary of State lists Cogency Global Inc., with an address of 850

New Burton Road, Suite 201, Dover, DE 19904 under "Registered Agent Information" for Master-Bilt. Master-Bilt further admits that it lists 891 County Road U, Hudson, WI, 54016, as Master-Bilt's "Principal Address" with the California Secretary of State. Except as expressly admitted, Defendants deny any and all allegations set forth in this paragraph.

39.     Denied.

## III.    **JURISDICTION AND VENUE**

40.     The allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them.

41.     The allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them. By way of further answer, Defendants do not contest subject matter jurisdiction for purposes of this action.

42.     The allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them. By way of further answer, Defendants do not contest personal jurisdiction for purposes of this action.

43.     The allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them. By way of further answer, Defendants do not contest venue for purposes of this action.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

46.     Defendants admit that Kason purports to own U.S. Registration No. 2,176,043. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

48.     Defendants admit that Kason purports to own U.S. Registration No. 2,382,322. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

50.     Denied.

51.     Defendants admit that Kason purports to own U.S. Registration No. 2,415,070. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

53.     Denied.

54.     Defendants admit that Kason purports to own U.S. Registration No. 2,415,066. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

56.     Defendants admit that Kason purports to own U.S. Registration No. 4,906,918.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

57.     Defendants admit that Kason purports to own U.S. Registration Nos. 2,176,046; 2,382,322; 2,415,070; 2,415,066; and 4,906,918.   Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

59.     The allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them.  Defendants admit that Kason purports to own U.S. Registration Nos.   2,176,046; 2,382,322; 2,415,070; 2,415,066; and 4,906,918 (collectively, "Kason Registrations").

60.     The allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph or the allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph or the allegations in this paragraph

are conclusions of law to which no response is required, and Defendants therefore deny them.

63.     Defendants admit that an employee of Kason sent an email to an employee of RSG dated August 28, 2024, and that RSG received a copy of the original Verified Complaint on October 31, 2024.  The content of each document speaks for itself, and Defendants therefore deny Kason's characterization of those documents.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph or the allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them.

64.     The allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them.

65.     The allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them.

66.     The allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph or the allegations in this paragraph

are conclusions of law to which no response is required, and Defendants therefore deny them.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

73.     Denied.

74.     Denied.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph or the allegations in this paragraph are conclusions of law to which no response is required, and Defendants therefore deny them.

76.     Defendants Nor-Lake and Master-Bilt admit that each have purchased hardware components from Kason.  Except as expressly admitted, Defendants deny any and all allegations set forth in this paragraph.

77.     Defendants admit that Ten Oaks Group acquired Defendants Nor-Lake and Master-Bilt in 2020 and that Defendant RSG was formed in 2020.  Except as expressly admitted, Defendants deny any and all allegations set forth in this paragraph.

78.     Defendants admit that they provide hardware components to the entity which operates the website  www.partstown.com.   Except as expressly admitted, Defendants deny any and all allegations set forth in this paragraph.

79.     Denied.

80.     Defendants admit that an employee of RSG sent an email to Kason dated July 29, 2024, the content of which speaks for itself.  Defendants otherwise deny any and all allegations and/or legal conclusions set forth in this paragraph.

81.     Defendants admit that an employee of RSG sent an email to Kason dated August 28, 2024, the content of which speaks for itself.  Defendants otherwise deny any and all allegations and/or legal conclusions set forth in this paragraph.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph regarding actions taken by Kason, and Defendants therefore deny them.  Defendants otherwise deny any and all allegations and/or legal conclusions set forth in this paragraph.

83.     Defendants admit that an employee of Kason sent an email to an employee of RSG dated August 28, 2024, the content of which speaks for itself.  Defendants otherwise deny any and all allegations and/or legal conclusions set forth in this paragraph.

84.     Denied.

85.     Defendants admit that an employee of Kason visited a Master-Bilt facility in New Albany, Mississippi, in October of 2024.  Defendants otherwise deny any and all allegations and/or legal conclusions set forth in this paragraph.

86.     Denied.

87.     Defendants admit that they provide hardware components to the entity which operates the website www.partstown.com.  Defendants otherwise lack knowledge

or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny them.

88. Denied.

89. Denied.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and Defendants therefore deny them.

91. Denied.

92. Defendants deny that the item delivered from the Parts Town website is counterfeit. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and Defendants therefore deny them.

93. Denied.

94. Defendants deny that the item delivered from the Parts Town website is counterfeit. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and Defendants therefore deny them.

95. Denied.

96. Denied.

97. Denied.

98. Defendants admit that they purchased an item identified by Kason part No. 921C, identified by Defendants as part No. 107916.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and Defendants therefore deny them.

100.    Defendants admit that an employee of RSG signed a non-disclosure agreement dated November 27, 2023, the content of which speaks for itself.  Defendants otherwise deny any and all allegations and/or legal conclusions set forth in this paragraph.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Defendants admit that they provide hardware components to the entity which operates the website www.partstown.com.  Except as expressly admitted, Defendants deny any and all allegations set forth in this paragraph.

106.    Defendants admit that an employee of RSG sent an email to Kason dated August 28, 2024, the content of which speaks for itself.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and Defendants therefore deny them.

107.    Defendants admit that an employee of RSG sent an email to Kason dated August 28, 2024, the content of which speaks for itself.  Defendants deny the second sentence of this allegation.  Defendants otherwise lack knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and Defendants therefore deny them.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Defendants admit that Defendants sent samples of products to Kason bearing the part numbers NL083479, NL083480, NL071601, NL071603, and NL125373. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and Defendants therefore deny them.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.  Denied.

126.  Denied.

127.  Denied.

128.  Denied.

129.  Denied.

130.  Denied.

131.  Denied.

132.  Denied.

133.  Denied.

134.  Denied.

135.  Denied.

136.  Denied.

137.  Denied.

138.  Denied.

139.  Denied.

140.  Denied.

141.  Denied.

142.  Denied.

143.  Denied.

144.  Denied.

145.  Denied.

## COUNT I

146.    Defendants incorporate their answers to each and every averment set forth in the above paragraphs as if fully set forth herein.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

## COUNT II

162.    Defendants incorporate their answers to each and every averment set forth in the above paragraphs as if fully set forth herein.

163.    Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

## COUNT III

170. Defendants incorporate their answers to each and every averment set forth in the above paragraphs as if fully set forth herein.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

## COUNT IV

178. Defendants incorporate their answers to each and every averment set forth in the above paragraphs as if fully set forth herein.

179. Defendants admit that an employee of RSG signed a non-disclosure agreement dated November 27, 2023, the content of which speaks for itself. Except as expressly admitted, Defendants deny any and all allegations set forth in this paragraph.

180.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and Defendants therefore deny them.

181.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and Defendants therefore deny them.

182.     Denied.

183.     Denied.

184.     Denied.

185.     Denied.

## JURY DEMAND

186.     Defendants do not object to Kason's demand for a trial by jury on all issues so triable, and similarly demands a trial by jury on all issues so triable herein.

## PRAYER FOR RELIEF

1.   Defendants deny that Kason is entitled to any relief.

2.   Defendants deny that Kason is entitled to any relief.

3.   Defendants deny that Kason is entitled to any relief.

4.   Defendants deny that Kason is entitled to any relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof or burdens of persuasion, Defendants assert the following affirmative defenses and reserves their right to assert additional defenses.

## FIRST AFFIRMATIVE DEFENSE

Kason's claims are barred, either in whole or in part, by Kason's failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Kason's claims are barred, either in whole or in part, because its purported trade dresses are generic, functional, and not otherwise eligible for trademark, trade dress, or any other protection.

## THIRD AFFIRMATIVE DEFENSE

As to the purported trade dresses of the hinges, Kason's claims are barred, either in whole or in part, because it cannot recover for any alleged confusion, likelihood of confusion, or counterfeiting, premised upon alleged similarity between the generic, functional, or otherwise non-protectible characteristics of the trade dresses depicted in the Kason Registrations, including but not limited to (1) the cylindrical hinge casing; (2) straps that are wider as they approach the flange, narrowing to the center of the door; (3) a raised strip down the length of the strap part of the hinge; and (4) rounded, streamlined edges on both the overall shape, and on the interior raised edges.

## FOURTH AFFIRMATIVE DEFENSE

As to the purported trade dress of the door closer, Kason's claims are barred, either in whole or in part, because it cannot recover for any alleged confusion, likelihood of confusion, or counterfeiting, premised upon alleged similarity between the generic, functional, or otherwise non-protectible characteristics of the trade dress depicted in the

Kason Registrations, including but not limited to (1) the trapezoidal shape that has a narrower width at the bottom than on the top; and (2) the sloped top edge.

### FIFTH AFFIRMATIVE DEFENSE

Kason's claims are barred because Defendants' purported use of the asserted trade dresses was done merely as hinges and door closers, not as trademarks.

### SIXTH AFFIRMATIVE DEFENSE

Kason's claims are barred to the extent Kason is impermissibly attempting to broaden the scope of the Kason Registrations by claiming that generic and functional elements of the hinges and door closer fall within the Kason Registrations.

### SEVENTH AFFIRMATIVE DEFENSE

Kason is not entitled to relief due to a lack of likelihood of mistake, confusion, or deception.

### EIGHTH AFFIRMATIVE DEFENSE

Kason's claims are barred, in whole or in part, because Kason's purported trade dress is not inherently distinctive and lacks secondary meaning.

### NINTH AFFIRMATIVE DEFENSE

Defendants have not engaged in any conduct that would entitle Kason to damages, profits, statutory damages, or treble damages under 15 U.S.C. §§ 1117 and 1125, including any award of enhanced damages or attorneys' fees.

### TENTH AFFIRMATIVE DEFENSE

Kason's claims are barred, either in whole or in part, by the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Kason is not entitled to recover Defendants' profits, any alleged damages, or the costs of the action, under the principles of equity.

## TWELFTH AFFIRMATIVE DEFENSE

Kason's contract claim fails for lack of standing and/or lack of privity of contract as to all Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Kason is not entitled to damages or profits because Kason has failed to mitigate any alleged damages.

Dated: April 4, 2025

Respectfully submitted,

/s/ John C. Scheller
John C. Scheller
jcscheller@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Madison, WI 53703
(608) 257-3501

OF COUNSEL:

Christopher D. Tomlinson
christomlinson@mvalaw.com
Samuel C. Merritt
sammerritt@mvalaw.com
Clara G. Ilkka
clarailkka@mvalaw.com
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(704) 331-1000

*Counsel for Defendants Refrigerated
Solutions Group, LLC; Master-Bilt
Products, LLC; and Nor-Lake, Incorporated*